BRYAN SCHRODER
Acting United States Attorney

FRANK V. RUSSO
WILLIAM TAYLOR
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Frank.Russo@usdoj.gov
       William.Taylor@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:16-cr-00086-SLG |
|---|---|---|
| Plaintiff, | ) ) | COUNTS 1, 9 & 13: |
| vs. | ) ) ) | INTERFERENCE WITH COMMERCE BY ROBBERY Vio. of 18 U.S.C. § 1951 |
| JOHN PEARL SMITH II, | ) ) | COUNTS 2, 10 & 14: |
| Defendant. | ) ) ) ) | ATTEMPTED POSSESSION OF CONTROLLED SUBSTANCES WITH INTENT TO DISTRIBUTE Vio. of 21 U.S.C. § 846, 841(b)(1)(C) |
|  | ) ) ) ) ) ) ) ) | COUNTS 3 - 6: USE OF FIREARM DURING AND IN RELATION TO CRIME OF VIOLENCE RESULTING IN MURDER Vio. of 18 U.S.C. § 924(c), (j) |

|  | ) COUNTS 7 & 8: |
|--|--|
|  | ) USE OF FIREARM DURING AND |
|  | ) IN RELATION TO DRUG |
|  | ) TRAFFICKING CRIME |
|  | ) RESULTING IN MURDER |
|  | )    Vio. of 18 U.S.C. § 924(c),(j) |
|  | ) |
|  | ) COUNTS 11 & 15: |
|  | ) USE OF FIREARM DURING AND |
|  | ) IN RELATION TO CRIME OF |
|  | ) VIOLENCE |
|  | )    Vio. of 18 U.S.C. § 924(c)(1)(A),(C) |
|  | ) |
|  | ) COUNTS 12 & 16: |
|  | ) USE OF FIREARM DURING AND |
|  | ) IN RELATION TO DRUG |
|  | ) TRAFFICKING CRIME |
|  | )    Vio. of 18 U.S.C. § 924(c)(1)(A), (C) |
|  | ) |
|  | ) COUNT 17: |
|  | ) FELON IN POSSESSION OF |
|  | ) FIREARMS |
|  | )    Vio. of 18 U.S.C. §§ 922(g)(1), |
|  | ) 924(a)(2) |
|  | ) |
|  | ) CRIMINAL FORFEITURE |
|  | ) ALLEGATION 1: |
|  | )    18 U.S.C § 924(d) |
|  | ) |
|  | ) CRIMINAL FORFEITURE |
|  | ) ALLEGATION 2: |
|  | )    21 U.S.C. § 853(a)(1) and (a)(2) |
|  | ) |

# FIRST SUPERSEDING INDICTMENT

The Grand Jury charges that:

## COUNT 1
## INTERFERENCE WITH COMMERCE BY ROBBERY

On or about June 5, 2016, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did attempt to obstruct, delay, and affect commerce and movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), to wit, the defendant knowingly and unlawfully attempted to take from the person and presence of another, by means of actual and threatened force and violence, controlled substances and/or proceeds from their sale, an activity that affects interstate commerce.

All of which is in violation of Title 18, United States Code, Section 1951(a).

## COUNT 2
## ATTEMPTED POSSESSION WITH INTENT TO DISTRIBUTE

On or about June 5, 2016, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did knowingly and intentionally attempt to possess a Schedule I controlled substance with intent to distribute.

All of which is in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

//

//

//

## COUNT 3
## USE OF FIREARM TO COMMIT MURDER OF BEN GROSS
## IN RELATION TO CRIME OF VIOLENCE – WILLFUL AND DELIBERATE

On or about June 5, 2016, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence, as charged in Count 1 of this Indictment, and in the course of said offense, caused the death of Ben Gross through the use of the firearm, and the killing constituted murder, as defined in Title 18, United States Code, Section 1111(a), in that the killing was committed willfully, deliberately, maliciously, and with premeditation.

All of which is in violation of Title 18, United States Code, Section 924(c)(1) and (j)(1).

## COUNT 4
## USE OF FIREARM TO COMMIT MURDER OF BEN GROSS
## IN RELATION TO CRIME OF VIOLENCE – FELONY MURDER

On or about June 5, 2016, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence, as charged in Count 1 of this Indictment, and in the course of said offense, caused the death of Ben Gross through the use of the firearm, and the killing constituted murder, as defined in Title 18, United States Code, Section 1111(a), in that the killing was committed in the perpetration of a robbery.

All of which is in violation of Title 18, United States Code, Section 924(c)(1) and (j)(1).

## COUNT 5
## USE OF FIREARM TO COMMIT MURDER OF CRYSTAL DENARDI IN RELATION TO CRIME OF VIOLENCE- WILLFUL AND DELIBERATE

On or about June 5, 2016, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence, as charged in Count 1 of this Indictment, and in the course of said offense, caused the death of Crystal Denardi through the use of the firearm, and the killing constituted murder, as defined in Title 18, United States Code, Section 1111(a), in that the killing was committed willfully, deliberately, maliciously, and with premeditation.

All of which is in violation of Title 18, United States Code, Section 924(c)(1) and (j)(1).

## COUNT 6
## USE OF FIREARM TO COMMIT MURDER OF CRYSTAL DENARDI IN RELATION TO CRIME OF VIOLENCE – FELONY MURDER

On or about June 5, 2016, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence, as charged in Count 1 of this Indictment, and in the course of said offense, caused the death of Crystal Denardi through the use of the firearm, and the killing constituted

murder, as defined in Title 18, United States Code, Section 1111(a), in that the killing was committed in the perpetration of a robbery.

All of which is in violation of Title 18, United States Code, Section 924(c)(1) and (j)(1).

## COUNT 7
## USE OF FIREARM TO COMMIT MURDER OF BEN GROSS IN RELATION TO DRUG TRAFFICKING CRIME

On or about June 5, 2016, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did knowingly use, carry, brandish, and discharge a firearm during and in relation to a drug trafficking crime, as charged in Count 2 of this Indictment, and in the course of said offense, caused the death of Ben Gross through the use of the firearm, and the killing constituted murder, as defined in Title 18, United States Code, Section 1111(a), in that the killing was committed willfully, deliberately, maliciously, and with premeditation.

All of which is in violation of Title 18, United States Code, Section 924(c)(1) and (j)(1).

## COUNT 8
## USE OF FIREARM TO COMMIT MURDER OF CRYSTAL DENARDI IN RELATION TO DRUG TRAFFICKING CRIME

On or about June 5, 2016, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did knowingly use, carry, brandish, and discharge a firearm during and in relation to a drug trafficking crime, as charged in

Count 2 of this Indictment, and in the course of said offense, caused the death of Crystal Denardi through the use of the firearm, and the killing constituted murder, as defined in Title 18, United States Code, Section 1111(a), in that the killing was committed willfully, deliberately, maliciously, and with premeditation.

All of which is in violation of Title 18, United States Code, Section 924(c)(1) and (j)(1).

## COUNT 9
## INTERFERENCE WITH COMMERCE BY ROBBERY

On or about May 11, 2016, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did obstruct, delay, and affect commerce and movement of articles and commodities in such commerce, and did attempt to do so, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), to wit, the defendant knowingly and unlawfully took from the person and presence of another, by means of actual and threatened force and violence, controlled substances and/or proceeds from their sale, an activity that affects interstate commerce.

All of which is in violation of Title 18, United States Code, Section 1951(a).

//

//

## COUNT 10
## ATTEMPTED POSSESSION WITH INTENT TO DISTRIBUTE

On or about May 11, 2016, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did knowingly and intentionally attempt to possess a Schedule I controlled substance with intent to distribute.

All of which is in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

## COUNT 11
## USE OF FIREARM IN RELATION TO CRIME OF VIOLENCE

On or about May 11, 2016, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence, as charged in Count 9 of this Indictment.

All of which is in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and (C).

## COUNT 12
## USE OF FIREARM IN RELATION TO DRUG TRAFFICKING CRIME

On or about May 11, 2016, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did knowingly use, carry, and brandish a firearm during and in relation to a drug trafficking crime, as charged in Count 10 of this Indictment.

//

All of which is in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and (C).

## COUNT 13
## INTERFERENCE WITH COMMERCE BY ROBBERY

In or about September 2015, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did obstruct, delay, and affect commerce and movement of articles and commodities in such commerce, and did attempt to do so, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), to wit, the defendant knowingly and unlawfully attempted to take from the person and presence of another, by means of actual and threatened force and violence, controlled substances and/or proceeds from their sale, an activity that affects interstate commerce.

All of which is in violation of Title 18, United States Code, Section 1951(a).

## COUNT 14
## ATTEMPTED POSSESSION WITH INTENT TO DISTRIBUTE

In or about September 2015, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did knowingly and intentionally attempt to possess a Schedule I controlled substance with intent to distribute.

All of which is in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

## COUNT 15
## USE OF FIREARM IN RELATION TO CRIME OF VIOLENCE

In or about September 2015, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence, as charged in Count 13 of this Indictment.

All of which is in violation of Title 18, United States Code, Section 924(c)(1)(A) and (C).

## COUNT 16
## USE OF FIREARM IN RELATION TO DRUG TRAFFICKING CRIME

In or about September 2015, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did knowingly use, carry, and brandish a firearm during and in relation to a drug trafficking crime, as charged in Count 14 of this Indictment.

All of which is in violation of Title 18, United States Code, Section 924(c)(1)(A) and (C).

## COUNT 17
## FELON IN POSSESSION OF FIREARMS

On or about June 22, 2016, the defendant, JOHN PEARL SMITH II, within the District of Alaska, having been convicted of the following crimes punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, firearms, to wit:

1. one DPMS .308 caliber semi-automatic rifle,

2. one Taurus model PT145 Pro, .45 caliber handgun,

3. one Glock, Model 22, .40 caliber pistol, and

4. one Plumcrazy Firearms, Model C15, 5.56 mm caliber rifle.

<u>Convictions</u>

| Conviction Date | Case No. | Offense | Court |
| --- | --- | --- | --- |
| March 10, 2006 | 3PA-04-2787 CR | Vehicle Theft in the First Degree and Theft in the Second Degree | Superior Court for the State of Alaska at Palmer, Third Judicial District |
| March 10, 2006 | 3PA-04-2791 CR | Robbery in the First Degree, Assault in the Third Degree, and Vehicle Theft in the First Degree | Superior Court for the State of Alaska at Palmer, Third Judicial District |
| March 10, 2006 | 3PA-04-2788 CR | Misconduct Involving Weapons in the Third Degree | Superior Court for the State of Alaska at Palmer, Third Judicial District |
| March 10, 2006 | 3PA-05-410 CR | Burglary in the First Degree | Superior Court for the State of Alaska at Palmer, Third Judicial District |
| November 6, 2006 | 3PA-05-2842 CR | Theft in the Second Degree - of a Firearm or Explosive, and Burglary in the First Degree | Superior Court for the State of Alaska at Palmer, Third Judicial District |

All of which is in violation of Title 18, U.S.C. Sections 922(g)(1) and 924(a)(2).

## CRIMINAL FORFEITURE ALLEGATION 1
## FIREARM CRIME FORFEITURE

Upon conviction of one or more of Counts 3 through 8, 11, 12, 15, 16, and 17 of this Indictment, defendant JOHN PEARL SMITH II shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in knowing violation of the offense, including, but not limited to the following:

1. one DPMS .308 caliber semi-automatic rifle,
2. one Glock, Model 22, .40 caliber pistol,
3. one Plumcrazy Firearms, Model C15, 5.56 mm caliber rifle,
4. one Taurus model PT145 Pro, .45 caliber handgun, and
5. One Astra .22 caliber 9-shot revolver.

All pursuant to 18 U.S.C. Section 924(d), 28 U.S.C. Section 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

## CRIMINAL FORFEITURE ALLEGATION 2
## DRUG PROCEEDS AND FACILITATING PROPERTY

Upon conviction of one or more of the controlled substance offenses alleged in Counts 2, 10, and 14 of this Indictment, defendant JOHN PEARL SMITH II shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations, pursuant to Title 21, United States Code, § 853(a)(1), and any

property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said violations, pursuant to Title 21, United States Code, § 853(a)(2), including but not limited to the following:

1. one DPMS .308 caliber semi-automatic rifle,

2. one Glock, Model 22, .40 caliber pistol,

3. one Plumcrazy Firearms, Model C15, 5.56 mm caliber rifle,

4. one Taurus model PT145 Pro, .45 caliber handgun, and

5. One Astra .22 caliber 9-shot revolver.

All of which is pursuant to Title 21, United States Code, Section 853(a)(1) and (a)(2).

## NOTICE OF SPECIAL FINDINGS

The Grand Jury further finds that:

1. The allegations contained in Counts 3 through 8 of this Indictment are hereby realleged as if set forth herein for the purpose of giving notice of special findings as to defendant JOHN PEARL SMITH II.

2. As to Counts 3 through 8 of this Indictment, the defendant JOHN PEARL SMITH II:

    a. was 18 years or older at the time of the offenses charged (18 U.S.C. § 3591(a));

  b. intentionally killed Ben Gross and Crystal Denardi (18 U.S.C. § 3591(a)(2)(A));

  c. intentionally inflicted serious bodily injury that resulted in the death of Ben Gross and Crystal Denardi (18 U.S.C. § 3591(a)(2)(B));

  d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Ben Gross and Crystal Denardi died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

  e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Ben Gross and Crystal Denardi died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

  f. has previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use or threatened use of a firearm against another person, that is, Robbery in the First Degree in case number 3PA-04-2791CR, in the Superior Court for the State of Alaska, Palmer (18 U.S.C. § 3592(c)(2));

g. knowingly created a grave risk of death to one or more persons in addition to the victims of the offense, in that he attempted to murder R.B. during the offense (18 U.S.C. § 3592(c)(5));

h. committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8));

i. committed the offense after substantial planning and premeditation (18 U.S.C. § 3592(c)(9)); and

j. intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Frank V. Russo
FRANK V. RUSSO
United States of America
Assistant U.S. Attorney


s/ William Taylor
WILLIAM TAYLOR
United States of America
Assistant U.S. Attorney


s/ Bryan Schroder
BRYAN SCHRODER
United States of America
Acting United States Attorney


DATE: 3-21-17